Filed 6/21/23  Tucker v. Heritage Custom Estates Association CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KEVIN TUCKER, Plaintiff and Appellant, v. HERITAGE CUSTOM ESTATES ASSOCIATION, Defendant and Respondent. | D079968 (Super. Ct. No. 37-2018-00021905-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

David A. Kay for Plaintiff and Appellant.

Law Offices of Howard F. Burns and Howard F. Burns for Defendant and Respondent.

Kevin Tucker was assessed fines by his homeowner's association, Heritage Custom Estates (Heritage), for parking a trailer in his driveway in violation of the association's covenants, conditions, and restrictions (CC&Rs).  Thereafter, Heritage brought a lawsuit against Tucker to recover the fines

and other associated costs, which led to a default judgment against Tucker in 2006 in the amount of $24,202.50.

In 2008, Tucker entered into a settlement agreement with the association that required him to pay $5,600 within 30 days of the execution of the agreement. Tucker failed to pay and in 2009 Heritage began efforts to enforce the default judgment. These efforts eventually led to two lawsuits against Heritage, one by Tucker and one by his wife Teresa, attempting to avoid the consequences of the default judgment. The cases were consolidated and, after trial, the court rejected all of the Tuckers' claims and entered judgment in favor of Heritage.[1]

Kevin Tucker now appeals, asserting the trial court erred because (1) the settlement agreement constituted a novation of his obligation to pay the default judgment; (2) the settlement agreement converted the default judgment into a $5,600 security interest obligating him to pay no more than that amount; and (3) contrary to the trial court's finding, he lawfully tendered "$5,600 and appropriate interest" to Heritage supporting his claim for specific performance of the settlement agreement. None of these arguments has merit. Accordingly, the judgment is affirmed.[2]

---

[1]    This appeal concerns only Tucker's lawsuit and not Teresa's.

[2]    Just before oral argument, Heritage filed a motion to dismiss the appeal based on the disentitlement doctrine and a request for this court to take judicial notice of several court orders made against Tucker in other proceedings. The motion to dismiss and request for judicial notice are denied as moot in light of this opinion affirming the judgement.

2

FACTUAL AND PROCEDURAL BACKGROUND

In July 2006, Heritage brought a limited civil lawsuit against Kevin Tucker in San Diego Superior Court (Case No. IN53684) asserting he violated Heritage's CC&Rs by parking a trailer in his driveway and on the nearby street. Heritage's complaint alleged that Tucker ignored Heritage's notices to park the vehicle elsewhere or face daily fines, and that Heritage assessed Tucker fines of $100 per day for a period of eight weeks until the trailer was removed. The lawsuit sought to recover total fines of $21,200, plus interest.

In the fall of 2006, Heritage obtained a default judgment of $24,202.50 against Tucker, consisting of $21,200, plus $1,760 in interest, $342.50 in costs, and $900 in attorney fees. The default judgment was served on Tucker and his lawyer in July 2007.

In March 2008, Tucker and Heritage entered the aforementioned settlement agreement. Under the agreement, Tucker was obligated to pay Heritage $5,600 "in the form of a check payable" to Heritage and delivered to its counsel within 30 days of the execution of the agreement. If payment was not rendered within 30 days, the agreement imposed interest on all outstanding sums in the amount of 10% per year. The settlement agreement required Heritage to "execute a request for dismissal with prejudice of the complaint" upon payment by Tucker. The agreement also contained claim

releases for both parties. Heritage released all claims against Tucker, except "any liability or obligation created by" the agreement.[3]

After the agreement was executed, Tucker failed to tender a check to Heritage. In 2008 or 2009, Heritage began to pursue collection of the default judgment and served Tucker with notice to appear at a judgment debtor's examination. In 2010, a bench warrant was issued for Tucker for failing to appear for the debtor examination. The record here contains no further evidence of action by Heritage to collect the debt until December 2016, when "Heritage issued a written notice rescinding the 2008 settlement agreement" and served Tucker with a copy of the rescission notice. In January 2017, the court in the initial case brought by Heritage denied Tucker's motion to enforce the settlement agreement and, alternatively, to set aside the default judgment.

In May 2018, Tucker filed the instant lawsuit seeking to uphold the settlement agreement and avoid payment of the default judgment. Tucker alleged claims for equitable enforcement of the settlement agreement, equitable estoppel, breach of contract, "vacation of the judgment for lack of personal service," violation of Tucker's civil rights, and intentional interference with contractual relations. Heritage filed an answer to the complaint, raising the affirmative defenses of failure to state a claim, statute of limitations, litigation privilege, res judicata, collateral estoppel, and

---

[3]     The provision releasing Tucker, numbered 2.1 in the agreement, contains a drafting error, which the trial court attributed to drafting counsel's use of an old agreement as a template. It states liability is released by Heritage, "except as reserved in section 2.5 below...." However, section 2.5 is a "waiver of rights pursuant to Civil Code Section 1542." The trial court found section 2.1 was meant to refer to section 2.4, titled "Matters Not Included In The Released Matters," which states "[t]he released matters do not include any liability or obligation created by this Agreement."

judicial estoppel.  Heritage amended its answer before trial to add an allegation that it rescinded the settlement agreement by notice to Tucker on December 23, 2016.  Heritage amended its answer again after trial to add the affirmative defense of laches.

The case proceeded to a one-day court trial in March 2021.  After trial, the court issued a thorough ruling outlining the history of the underlying lawsuit and the related litigation, and rejecting all of Tucker's claims.  The trial court made several findings.  It concluded Tucker was not entitled to specific performance of the settlement agreement since he had failed to perform his obligations thereunder.  It found Tucker had not presented any of his claims in a timely manner, and improperly sought to enforce an agreement that was executed over 13 years earlier.  Further, the court found that Tucker was improperly attempting to overturn the prior decisions of the court in the case filed by Heritage in 2006 that resulted in the default judgment against Tucker.

Finally, the trial court rejected Tucker's assertion that, as part of the settlement agreement, "Heritage gave up the right to pursue enforcement of the judgment against" Tucker and "released all claims against [him] except for the obligation to pay the $5,600 settlement amount."  Instead, the court concluded that the language of the settlement agreement was clear that the default judgment would remain operative until Tucker paid the settlement amount.  The trial court pointed to several provisions in the settlement agreement in support of its determination:  (1) Section 1.2, providing that the "underlying lawsuit would be dismissed 'upon payment by DEFENDANT [Mr. Tucker] to PLAINTIFF [Heritage] of the SETTLEMENT SUM";
(2) section 1.4, stating the default "judgment would be vacated '[u]pon payment of the SETTLEMENT SUM' "; and (3) section 1.5, stating that "the

abstract of judgment, previously issued by the Court, would be released or withdrawn by Heritage '[u]pon payment of the SETTLEMENT SUM.' " The court found these specific provisions concerning the default judgment prevailed over the general release provision that Tucker relied on.

After the court's ruling, judgment was entered in Heritage's favor. Tucker now appeals the final judgment.

## DISCUSSION

Tucker challenges the trial court's interpretation of the settlement agreement, arguing for the first time on appeal that the agreement constituted a novation of the default judgment that required him to pay no more than $5,600 and extinguished any liability arising from the default. He also contends that the settlement agreement converted the default judgment to a $5,600 security interest, and that his claim for specific performance was not precluded by his own failure to perform because he "tendered" $5,600 to Heritage.

## I

### *Legal Principles*

We apply established appellate standards of review for this judgment following a bench trial. We begin with the settled principle that the interpretation of a contract generally presents a question of law for this court to determine anew unless the interpretation turns on the credibility of conflicting extrinsic evidence. (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 527; *ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.) When a contract is reasonably susceptible to different interpretations based on conflicting extrinsic evidence requiring the resolution of credibility issues, its interpretation evolves into a question of fact to which the reviewing court applies the substantial evidence standard of review. (*Id.* at

6

pp. 1266–1267.) Where the evidence is undisputed and the parties draw conflicting inferences, the reviewing court will independently draw inferences and interpret the contract. (*Id.* at p. 1267.)

The court endeavors to effectuate the mutual intentions of the parties as it existed at the time of contracting insofar as it is ascertainable and lawful. (Civ. Code, § 1636.) "We discern the parties' intention based on the written contract alone, if possible, but may also consider the circumstances under which the contract was made and its subject matter. [Citations.] We consider the contract as a whole, and interpret contested provisions in their context, not in isolation, with the aim of giving effect to all provisions, if doing so is reasonably possible. [Citations.] [¶] In interpreting a contract, we give the words their ordinary and popular meaning, unless the parties or usage have given the words a specialized or technical meaning." (*Camacho v. Target Corp.* (2018) 24 Cal.App.5th 291, 306.)

## II

### *Analysis*

Tucker first asserts that under Civil Code section 1530, the parties' settlement agreement was a novation of the default judgment.[4] Heritage responds that Tucker did not raise this novation argument in the trial court; therefore, he cannot assert it for the first time on appeal. We agree with Heritage. In response to Heritage's assertion that this argument is new, Tucker quotes the allegations in his complaint, then asserts that "Heritage

---

4    Civil Code section 1530 defines novation as "the substitution of a new obligation for an existing one."

7

clearly understood [from the quoted language] that Kevin was arguing that the default judgment had been replaced by the Settlement Agreement."

Tucker points to nothing in the record before this court to show that in the trial court he argued the settlement agreement constituted a novation under the Civil Code. Rather, the record shows only that he argued the language of the settlement agreement released him from liability for the default judgment. These arguments are not, as Tucker claims, synonymous. Accordingly, Tucker's assertion that the court erred by not finding the settlement agreement was a novation under the Civil Code is waived and we decline to exercise our discretion to consider it for the first time on appeal. (See *Vasquez v. SOLO 1 Kustoms, Inc.* (2018) 27 Cal.App.5th 84, 96 (*Vasquez*) ["A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant."].)

Tucker next asserts that the default judgment served only as a security interest for the settlement amount of $5,600 and precluded Heritage from seeking to enforce the full amount of the default. He states that the parties "contemplated that Heritage would retain rights to execution under the default judgment to collect the $5,600 ow[ed] to it" and that Heritage "used the default judgment to collect more than what was owed to it." As with his prior assertion, Tucker did not raise this security interest argument in the trial court. Rather, Tucker argued only that the settlement agreement should be interpreted to release his liability under the default judgment. We again follow the general waiver rule and decline Tucker's request to consider this theory for the first time on appeal. (*Vasquez, supra*, 27 Cal.App.5th at p. 96.)

Finally, Tucker asserts that he made an effective tender of the settlement amount, entitling him to specific performance of the settlement agreement. This argument lacks merit. " 'The standard elements of a claim for breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom. [Citation.]" [Citation.]' [Citation.] A suit to recover damages for breach of contract is an 'action at law in which a right to jury trial ordinarily exists.' " (*Darbun Enterprises, Inc. v. San Fernando Community Hospital* (2015) 239 Cal.App.4th 399, 409 (*Darbun*).)

"A plaintiff may seek specific performance, an equitable remedy, as an alternative to damages .... [Citation.] To obtain specific performance, a plaintiff must make several showings, in addition to proving the elements of a standard breach of contract." (*Darbun, supra*, 239 Cal.App.4th at p. 409.) Relevant here, a " 'plaintiff who seeks specific performance must ordinarily perform all conditions precedent to the defendant's obligation.' " (*Realmuto v. Gagnard* (2003) 110 Cal.App.4th 193, 204.) "A grant or denial of specific performance is reviewed under an abuse of discretion standard." (*Real Estate Analytics, LLC v. Vallas* (2008) 160 Cal.App.4th 463, 472.)

The trial court determined specific performance of the contract was not available to Tucker since he had not performed or tendered performance of his obligation to pay $5,600 to Heritage. Pointing to an allegation in his complaint and certain trial testimony, Tucker asserts this finding was error and that he did tender performance. " '[A] tender is an offer of performance made with the intent to extinguish the obligation (Civ. Code, § 1485). When properly made, it has the effect of putting the other party in default if he refuses to accept it. ... [¶] 'However, a tender to be valid must be of full performance (Civ. Code, § 1486), and it must be unconditional. (Civ. Code,

9

§ 1494; [citations].)' [Citation.]  Tender must also be in good faith.  (Civ. Code, § 1493.)  If the party making the offer is unable or unwilling to perform, the tender is of no effect.  (Civ. Code, § 1495; [citation].)" (*Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 789.)

To be released from the default judgment, the settlement agreement required Tucker to pay the settlement sum within 30 days of the execution of the agreement "in the form of a check payable to [Heritage] and delivered to counsel for PLAINTIFF."  There is no evidence in the record before this court that supports Tucker's assertion that he tendered payment.  Rather, the undisputed evidence shows Tucker failed to provide a check for $5,600 to Heritage's counsel within 30 days of entering the settlement agreement, resulting in Heritage's efforts to enforce the default judgment.

The evidence Tucker points to in his appellate briefing does not show otherwise.  In support of his argument, he references an allegation in his complaint, which states that he "informed the court in the [default judgment case] and [Heritage], of the Settlement Agreement and its terms on or about August 26, 2016.  At that time, Plaintiff tendered payment of $5,600.00 plus accrued interest thereon, as provided in the Settlement Agreement.  HOA, by its statements and actions, rejected that tender."  This unsupported assertion, drawn from Tucker's pleading, is not *evidence* that he tendered payment.  Tucker also cites his own trial testimony in which he references an "Exhibit 3" as evidence of a tender of payment.  This document, however, was not admitted into evidence by the trial court and was not lodged in this court.  Further, the cited testimony does not identify what the exhibit is.  This testimony does not show that Tucker tendered payment to Heritage.

In short, Tucker has not shown the court's determination that he did not tender payment to Heritage, as required by the settlement agreement, was error.  Reversal of the judgment on this basis is not warranted.

DISPOSITION

The judgment is affirmed.  Costs of appeal are awarded to respondent Heritage Custom Estates Association.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.